228 So.2d 238 (1969)
FIDELITY GENERAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
Harry H. RIPLEY, in his capacity as the Administrator of the Estate of his minor child, Donald R. Ripley, Defendant-Appellee.
No. 2827.
Court of Appeal of Louisiana, Third Circuit.
October 20, 1969.
Rehearing Denied December 4, 1969.
Writ Refused January 20, 1970.
Nelson, Ormand & Nelson, by Michael A. Dessommes, New Orleans, for plaintiff-appellant.
Bryan F. Gill, Lake Charles, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
This suit for a declaratory judgment was filed by Fidelity General Insurance Company to determine its liability under the uninsured motorist clause in an automobile liability insurance policy it issued to Harry H. Ripley. Mr. Ripley was sued as the administrator of the estate of his eighteen-year-old son, Donald, who received severe injuries while riding as a guest passenger in an uninsured automobile operated by Willie Stutes when the automobile failed to negotiate a curve on U. S. Highway 90 approximately one mile east of Jennings, Louisiana.
The whole thrust of Fidelity's defense is predicated upon the theory that Donald was not residing with his father, was not a member of his father's household, and thus could not come under the uninsured motorist clause of the policy issued to Mr. Ripley which defined "insured" to read as follows:
"(1) the named insured as stated in the policy (herein also referred to as the *239 `principal named insured') and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either; * * *."
After overruling a motion for summary judgment filed by defendant, the trial court, after trial on the merits, rendered judgment in favor of defendant, holding that Donald was covered under the policy. From this ruling Fidelity had appealed devolutively contending that the trial court erroneously held Donald to be a resident of his father's household despite a finding of fact that he was not residing with his father at the time of the accident.
The record reflects that Mr. and Mrs. Ripley had been living separate and apart for three years although they had not been legally separated and neither had been awarded the legal custody of their three minor children. At the time of the accident, December 21, 1967, Mr. Ripley was living in Lake Charles, Louisiana, and Mrs. Ripley was living in Midland, Louisiana, with her two daughters. When Donald received his injuries, he too was living with his mother in Midland, Louisiana, and was working for Broussard's Rice Mill in nearby Esterwood, Louisiana. When Donald left his father's house in the summer or early fall of 1967, he took his work clothes with him to his mother's house and left his dress clothes at his father's house. Work was allegedly easier to find in Esterwood for boys under the age of eighteen and who intended to go to college. Although after the accident Donald did not move back with his father, he had on numerous occasions both on weekdays and weekends returned to Lake Charles and there stayed with his father. Donald resided with his aunt, Mrs. Adline Coley, a nurse, after the accident, and she tended to his injuries and administered the requisite penicillin shots. Even though Donald and his father had had a disagreement, there is nothing in the record to indicate that Donald could not have returned to live with his father, a construction boss who had to travel at times.
In urging reversal of the lower court's decision, counsel for Fidelity contends that the case of Taylor v. State Farm Mutual Automobile Insurance Company et al., 248 La. 246, 178 So.2d 238, relied upon by the lower court is distinguishable from the case at bar; and further contends that the case of Bannerman v. St. Paul Mercury Indemnity Company, 144 So.2d 167 (La. App. 1 Cir. 1962), should be controlling here.
A reading of the Bannerman case, supra, will readily show that it is not apposite. In that case John Litchy was sued because of an automobile accident in Baton Rouge, Louisiana, and joined as a defendant with him was St. Paul Mercury Indemnity Company, as the liability insurer of a garage liability policy issued to M. W. Litchy (John Litchy's father), doing business as the Hi-way Motor Company of Sauk Centre, Minnesota. The Court of Appeal, after pretermitting the question of ownership of the vehicle found that John Litchy had moved from Minnesota with his family and was pursuing a new occupation as a life insurance salesman, and held that St. Paul Mercury Indemnity Company was not liable as by no stretch of the imagination could John Litchy be considered a member of the household of the named insured, a partner or an executive officer thereof.
We feel the trial court correctly held that the Taylor case, supra, was controlling. In that case the plaintiff, Archie Taylor, was riding as a guest passenger in a Ranchero owned by himself and being operated by his nephew Daniel with his permission, when the vehicle overturned causing serious injuries to plaintiff. At the time of the accident, Daniel was a minor, had resided with his parents all of his life, had graduated from high *240 school in May of 1962, and had gone to live with his uncle who asked him to come to work with him as an oiler. Plaintiff brought suit against his own liability insurer and also the insurer of Daniel's father who lived in Arkansas. Our Supreme Court held that under the laws of Louisiana and Arkansas Daniel was to be considered an unemancipated minor whose legal domicile was that of his father. The court held that it was not necessary that Daniel be under his parents' roof at all times in order to be a "resident of the same household" as provided in the policy; and, that there was no conclusive evidence of record to indicate Daniel had made a permanent residence in Louisiana at the time of the accident.
A review of the facts in the instant case reveals even more strongly than the Taylor case, supra, that the minor son, Donald, was to be considered a legal resident of the household of his father. His parents were separated for three years although not legally, and he kept clothes at both houses and spent varying amounts of time at each house. Donald testified that he could find work easier in Esterwood because of his age, and that he did not plan to reside permanently with his mother, desiring to return to Lake Charles to go to McNeese College after he had saved some money. He had not been emancipated and was for all legal intents and purposes under the complete control of his father. The fact that his father had removed him from the insurance policy as a driver would not legally remove him from being a resident of the household of his father during his minority under the facts presented in this case.
For the written reasons assigned, the judgment of the district court is affirmed at plaintiff's costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.