MICHELLE BETH DAVIS, BY HER GUARDIAN AD LITEM, SANDRA DEE DAVIS v. MARYLAND CASUALTY COMPANY, A MARYLAND CORPORATION

No. 8430SC1203

(Filed 16 July 1985)

Insurance § 69— uninsured motorist coverage— separated parents— joint custody— child as resident of father's household

The minor plaintiff was a resident of her father's household so as to come within the uninsured motorist coverage of an automobile insurance policy issued to the father even though the parents were living separately and the mother had custody of the minor plaintiff under a separation agreement where the evidence supported the trial court's determination that the father had such liberal and flexible visitation privileges with the minor plaintiff that he in effect had joint custody of her.

APPEAL by defendant from *Downs, Judge*. Judgment entered 4 October 1984 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 16 May 1985.

Plaintiff instituted this declaratory judgment action to construe an automobile insurance policy issued by defendant to

Virgil Davis, the minor plaintiff's father. The trial court denied defendant's motion for summary judgment and allowed plaintiff's petition for declaratory judgment holding that the minor plaintiff was entitled to coverage under the provisions of the policy. Defendant appealed.

*McLean & Dickson, P.A., by Russell L. McLean, III, for plaintiff appellee.*

*James F. Blue, III, P.A., by Sheila Fellerath for defendant appellant.*

MARTIN, Judge.

This appeal concerns a declaratory judgment action to construe an automobile insurance policy. The sole issue is the interpretation of the phrase, "resident of your household," contained in the policy's uninsured motorist coverage. We are persuaded that under the facts of this case, the minor plaintiff is a resident of her father's household, so as to be within the coverage provided by the policy, even though the father lived separately from the mother, who had custody of the minor plaintiff under a separation agreement. Accordingly, we affirm the judgment of the trial court.

The facts of the case are undisputed. Virgil Davis had been issued an automobile insurance policy by Maryland Casualty Company which provided uninsured motorist coverage to the insured "or any family member." "Family member" was defined as meaning "a person related to you by blood, marriage or adoption *who is a resident of your household.*" [Emphasis supplied.] On 3 March 1983, Michelle Beth Davis, the five-year-old daughter of Virgil and Sandra Dee Davis, was struck and injured by a motorcycle, the owner and operator of which was uninsured. On behalf of her daughter, Sandra Dee Davis filed a claim under the uninsured motorists' coverage of Virgil Davis' policy. Maryland Casualty Company, however, denied coverage, asserting that Michelle Beth Davis was not a resident of the same household as her father, Virgil Davis, on the date of the accident.

Virgil Davis and his wife, Sandra Dee Davis, separated in January 1981. Sandra Dee Davis was given custody of Michelle Beth Davis pursuant to a separation agreement. Sandra Dee Davis and the minor plaintiff continued to live in the family

residence while Virgil Davis moved to his grandmother's, later into an apartment, and then into a trailer. Since the time of the separation, Michelle Beth has frequently stayed overnight with her father, as many as two or three nights a week. Although a visitation schedule was provided for in the separation agreement, actual visitation has been more liberal. The minor plaintiff has frequently called her father to arrange additional visitation, and Sandra Dee Davis has permitted the additional visitations whenever the child requested them. The father has made provision for keeping her clothes, personal property, and some of her furniture at his residence. In addition, he has provided support for her, and is obligated by the separation agreement to provide hospitalization coverage for the minor plaintiff and to pay all of her medical and dental expenses. There has been no court decree adjudicating custody of the minor plaintiff. Sandra Dee Davis and Virgil Davis are not divorced. On the basis of these facts the trial court found that "the parents exercised unlimited freedom to have the child with each of them, and in effect, treated their respective contacts with the child as if they had joint custody." The trial court concluded that

> [t]he father, Virgil Davis, had and continues to have such liberal and flexible visitation privileges with the minor plaintiff so as to conclude he essentially had joint custody of the said child, and that the child, on March 3, 1983 was with her father frequently enough on a custodial basis to be a resident of his household . . . .

The insurance policy at issue here provided uninsured motorist coverage to relatives of the named insured only if such relatives were residents of the named insured's household. Insurance policies are construed in accordance with the general rules applicable to other contracts, and the court must interpret them according to the intent of the parties. *Woodell v. Aetna Insurance Co.*, 214 N.C. 496, 199 S.E. 719 (1938). The terms of the policy must be understood in their plain, ordinary, and popular sense. *Grant v. Ins. Co.*, 295 N.C. 39, 243 S.E. 2d 894 (1978). If such terms have more than one meaning in ordinary usage, they are to be construed liberally to provide coverage for those who, by any reasonable construction, can be included within the coverage. *Insurance Co. v. Insurance Co.*, 266 N.C. 430, 146 S.E. 2d 410 (1966). Terms such as "resident" and "household" can have a

variety of meanings depending upon the facts to which they must be applied. *See, e.g., Barker v. Insurance Co.*, 241 N.C. 397, 85 S.E. 2d 305 (1955); *Fonvielle v. Insurance Co.*, 36 N.C. App. 495, 244 S.E. 2d 736, *disc. rev. allowed,* 295 N.C. 465, 246 S.E. 2d 215 (1978).

Cases interpreting the phrase, "residents of the same household," as used in insurance policies, are legion. *See generally* Annot., 93 A.L.R. 3d 420 (1979) (liability insurance); Annot., 96 A.L.R. 3d 804 (1979) (no-fault and uninsured motorist provisions). These cases can be divided into two categories: those involving clauses that exclude from coverage members of the insured's household, and those that extend coverage to such persons. Applying the general rule that coverage should be provided wherever, by reasonable construction, it can be, courts have restrictively defined "household" in those cases where members of the insured's household are excluded from coverage. On the other hand, where members of an insured's household are provided coverage under the policy, "household" has been broadly interpreted, and members of a family need not actually reside under a common roof to be deemed part of the same household. *See, e.g., Bearden v. Rucker,* 437 So. 2d 1116 (La. 1983); *Wainscott v. Ossenkop,* 633 P. 2d 237 (Alaska 1981); *Hartford Casualty Ins. Co. v. Phillips,* 575 S.W. 2d 62 (Tex. Civ. App. 1978); *Miller v. U.S. Fidel. & Guar. Co.,* 127 N.J. Super 37, 316 A. 2d 51 (1974); *Fidelity General Ins. Co. v. Ripley,* 228 So. 2d 238 (La. App. 1969); *cert. denied,* 255 La. 248, 230 So. 2d 94 (1970); *Aetna Casualty & Surety Co. v. Miller,* 276 F. Supp. 341 (Kansas 1967); *Taylor v. State Farm Mutual Auto. Ins. Co.,* 171 So. 2d 816 (La. App. 1965), *aff'd* 248 La. 246, 178 So. 2d 238 (1965); *Mazzilli v. Accident & Casualty Ins. Co. of Winterthur,* 35 N.J. 1, 170 A. 2d 800 (1961); *Cal-Farm Ins. Co. v. Boisseranc,* 151 Cal. App. 2d 775, 312 P. 2d 401 (1957). As pointed out by this court in *Fonvielle v. Insurance Co., supra* at 500, 244 S.E. 2d at 739, construction of such terms as "resident" and "household" in favor of coverage may lead to "the seemingly anomalous result" of a very narrow definition under one set of circumstances and a very broad definition under another.

Nevertheless, the insurance policy at issue does not define "resident" or "household," and therefore we must determine whether, by any reasonable construction of those terms, coverage may be extended to the minor plaintiff. In North Carolina, the

domicile of an unemancipated minor child follows that of the father, except where the father abandons the child, or custody is awarded to the mother by judicial decree. *Allman v. Register*, 233 N.C. 531, 64 S.E. 2d 861 (1951); *see* Lee, North Carolina Family Law, § 227. Although domicile and residence are not synonymous, domicile is usually considered to be inclusive of residence, and although a person may have only one domicile, he may have more than one residence. 25 Am. Jur. 2d, Domicil, § 4. In addition, it is generally recognized that a person may be a resident of more than one household for insurance purposes. *Travelers Insurance Co. v. Mixon*, 118 Ga. App. 31, 162 S.E. 2d 830 (1968). Thus, it is not required that the minor plaintiff be a resident of one parent's household to the exclusion of the other; she could be a resident of two separate households for purposes of insurance coverage.

Applying these general principles to the case *sub judice*, we believe that the minor plaintiff was as much a resident of her insured father's household as that of her mother. While the father maintained a separate residence from that of the mother, the evidence discloses that there existed between the father and the minor plaintiff a continuing and substantially integrated family relationship. We therefore hold that the trial court correctly concluded that the minor plaintiff, Michelle Beth Davis, was a resident of her insured father's household within the meaning of the insurance policy, and is entitled to coverage thereunder.

Affirmed.

Judges ARNOLD and PARKER concur.