GREAT AMERICAN INSURANCE COMPANY v. ALLSTATE INSURANCE COMPANY, TERRY TILLEY EATON, PATSY CRABTREE CLAYTON, TOMMY FARR CLAYTON, THOMAS CHARLES WALE, SEAN THOMAS WALE, PEGGY HOLLOWAY AND ALENE HOLLOWAY

No. 8510SC729

(Filed 7 January 1986)

Insurance § 87.1— automobile liability insurance—driver as resident of father's household—jury question

In a declaratory judgment action to determine the respective contractual obligations under two policies of insurance where the determinative question was whether, at the time of the automobile collision in question, the driver was a resident of his father's household, the trial court erred in entering summary judgment and there was a material issue of fact where the evidence tended to show that the driver was an emancipated person who was enlisted in the Navy and stationed in Virginia; he had no housing other than his military station; his habit of returning to his parents' home for furloughs and leaves and his returning there after discharge from the Navy tended to show an intent to make his parents' home his own; but the driver himself stated that he did not intend to return to his parents' home after enlistment and did not consider himself to be a resident of his parents' household at the time of the collision.

APPEAL by defendants Allstate Insurance Company and Thomas Charles Wale from *Bailey, Judge.* Judgment entered 2 April 1985 in WAKE County Superior Court. Heard in the Court of Appeals 5 December 1985.

Plaintiff Great American Insurance Company (Great American) brought this declaratory judgment action to determine the respective contractual obligations under two policies of insurance; one issued by Great American to Tommy F. Clayton, the other

issued by defendant Allstate Insurance Company (Allstate) to defendant Thomas Charles Wale.

In its complaint, Great American alleged the following pertinent facts and circumstances. On 29 April 1982, Patsy Clayton was driving her husband's Pontiac automobile on Interstate Highway 85 when it was struck by a Chevrolet automobile owned by Terry Eaton and driven by defendant Sean Wale, who was driving Eaton's car with her permission. Personal injuries and property damage resulted from the collision. Terry Eaton had no liability insurance on her car. At the time of the collision, Sean Wale, a resident of his father Thomas Wale's household, was negligent in the operation of the Eaton car but Allstate has denied coverage. Great American's uninsured motorist coverage under the Clayton policy should not apply.

Great American petitioned the trial court to determine the rights, liabilities and legal relations arising under the two policies.

Allstate answered admitting that Sean Wale was the son of Thomas Wale but denied that Sean was a resident of his father's household.

Both Great American and Allstate moved for summary judgment. From judgment entered for Great American, Allstate has appealed.

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Dan M. Hartzog and Theodore B. Smyth, for plaintiff-appellee.*

*Boyce, Mitchell, Burns & Smith, P.A., by Robert E. Smith, for defendants-appellants.*

WELLS, Judge.

The essential facts surrounding the collision are not at issue in this case. The determinative question is whether at the time of the collision Sean Wale was a resident of his father Thomas Wale's household. The trial court, in effect, answered that question in the affirmative, ruling that the Allstate liability coverage applied and that the Great American uninsured motorist coverage was not applicable. We reverse and remand.

The Allstate policy contained the following pertinent provisions:

> We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. . . . "Covered person" as used in this Part means:
>
> 1. You or any family member for the ownership, maintenance or use of any auto or trailer.
>
> . . .
>
> "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household.

The forecast of evidence before the trial court showed that at the time of the collision, Sean Wale was an emancipated person who was enlisted in the United States Navy and stationed at Norfolk, Virginia. He enlisted in November of 1979. At the time he enlisted he gave his parents' home address in Salisbury as his home address. During his enlistment, he had no housing other than his military station. Also, during his enlistment, he visited his parents from time to time and, just prior to the April collision, he had completed a 14-day convalescent leave spent at his parents' home and was returning to his base in Norfolk. At the time of the collision, Sean gave the investigating highway patrolman a home address the same as his parents' home address in Salisbury. In June 1982, when asked by an insurance adjuster where he was, Sean answered, "At home," giving his parents' address. After he got out of the service in August of 1982, Sean stayed with his parents for several weeks while he looked for a place to live.

When Sean left to join the Navy, he removed all of his personal belongings from his parents' home. When he visited his parents on leave, he slept on a living room couch and had no bed or dresser of his own. When he enlisted in the Navy, he never intended to return to his parents' home. He did not consider himself to be a resident of his parents' household at the time of the collision. Sean's parents did not consider Sean to be a resident of their household at the time of the collision.

The interpretation of the terms "resident of your household" or "resident of the same household" or similar terms in insurance

policies has been the subject of numerous appellate court decisions. *See generally* 96 A.L.R. 3d 804 (1979) (no-fault and uninsured motorist coverage) and 93 A.L.R. 3d 420 (1979) (liability insurance); *see, e.g., Jamestown Mutual Insurance Co. v. Nationwide Mutual Insurance Co.*, 266 N.C. 430, 146 S.E. 2d 410 (1966); *Newcomb v. Insurance Co.*, 260 N.C. 402, 133 S.E. 2d 3 (1963); *Barker v. Insurance Co.*, 241 N.C. 397, 85 S.E. 2d 305 (1954); *Davis v. Maryland Casualty Co.*, 76 N.C. App. 102, 331 S.E. 2d 744 (1985); *Fonvielle v. Insurance Co.*, 36 N.C. App. 495, 244 S.E. 2d 736, *disc. rev. allowed*, 295 N.C. 495, 246 S.E. 2d 215 (1978), *motion to withdraw petition for disc. rev. allowed* 15 August 1978. As observed by our courts, the words "resident," "residence" and "residing" have no precise, technical and fixed meaning applicable to all cases. *Jamestown Mutual Ins. Co. v. Nationwide Mutual Ins. Co.*, *supra*. "Residence" has many shades of meaning, from mere temporary presence to the most permanent abode. *Id*. It is difficult to give an exact or even satisfactory definition of the term "resident," as the term is flexible, elastic, slippery and somewhat ambiguous. *Id*. Definitions of "residence" include "a place of abode for more than a temporary period of time" and "a permanent and established home" and the definitions range between these two extremes, *Barker v. Insurance Co.*, *supra*. This being the case, our courts have held that such terms should be given the broadest construction and that all who may be included, by any reasonable construction of such terms, within the coverage of an insurance policy using such terms, should be given its protection. *Jamestown v. Nationwide*, *supra; Davis v. Maryland Casualty Co.*, *supra*.

Our courts have also found, however, that in determining whether a person in a particular case is a resident of a particular household, the intent of that person is material to the question. *Jamestown v. Nationwide*, *supra; Fonvielle v. Insurance Co.*, *supra*. The forecast of evidence before the trial court raises a question as to Sean Wale's intent to remain a resident of his parents' household or to assume that status from time to time. Sean's habit of returning to his parents' home for furloughs and leaves and his returning there after discharge from the Navy tends to show an intent to make his parents' home his own. On the other hand, the forecast is complicated by Sean's own statement that he did not intend to return to that residence after his enlistment;

this statement tends to show an opposite intent from that shown by his habits and activities. Thus, a material issue of fact has been raised which must be determined by the finder of fact.

In other pertinent North Carolina cases we have examined, the issue of residency went to trial, but in the case now before us, defendant Allstate having demanded a jury trial, summary judgment would be appropriate only where, on undisputed aspects of the opposing evidentiary forecast, there were no genuine issues of fact and plaintiff was entitled to judgment as a matter of law. *See Bone International, Inc. v. Brooks*, 304 N.C. 371, 283 S.E. 2d 518 (1981). Summary judgment should be denied if there is a question of credibility of witnesses or if there is a question which can be resolved only by the weight of the evidence. *Id.; Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979). There being such a question in this case, summary judgment was improvidently entered.

Reversed.

Judges ARNOLD and PARKER concur.