NEWELL v. NATIONWIDE MUT. INS. CO.

[102 N.C. App. 622 (1991)]

JUDITH COKER COLEMAN NEWELL, Plaintiff v. NATIONWIDE MUTUAL INSURANCE COMPANY, STATE CAPITAL INSURANCE COMPANY, MICHAEL BLACKMON and ROBERT LEE BLACKMON, Defendants

No. 9019SC98

(Filed 7 May 1991)

1. **Insurance § 87.1 (NCI3d)— automobile liability insurance— resident of same household—condition of bail—insured driver**

    The twenty-year-old driver of a vehicle owned by his father was a resident of his father's household and was thus a "family member" covered under an automobile policy issued to the father where he had been living in his father's house for three weeks prior to the accident in question as a condition of his pretrial release from jail on a murder charge.

    **Am Jur 2d, Automobile Insurance §§ 189, 247.**

    **Who is "resident" or "member" of same "household" or "family" as named insured, within liability insurance provision defining additional insureds. 93 ALR3d 420.**

2. **Insurance § 87.2 (NCI3d)— automobile liability insurance— reasonable belief exclusion—inapplicable to family member**

    An exclusion of coverage under an automobile liability policy for "any person" using the vehicle without a reasonable belief that he was entitled to do so did not apply to a "family member."

    **Am Jur 2d, Automobile Insurance §§ 251-253.**

    Judge LEWIS dissenting.

APPEAL by defendant Nationwide Mutual Insurance Company from judgment entered 13 November 1989 by *Judge Russell G. Walker, Jr.* in RANDOLPH County Superior Court. Heard in the Court of Appeals 29 August 1990.

This is a declaratory judgment action whereby plaintiff seeks a judgment "declaring the rights, duties and obligations of the defendant, Nationwide Mutual Insurance Company [hereinafter Nationwide], under the liability insurance policy issued to the defendant, Michael Blackmon, and of the defendant, State Capital Insurance Company [hereinafter State Capital], under the automobile

liability insurance policy issued to the plaintiff, for attorney fees, for costs, and all other appropriate relief."

On 9 February 1987, plaintiff was injured when she was struck by a 1977 Ford truck being driven by defendant Robert Blackmon and owned by defendant Michael Blackmon. At the time of the accident, defendant Robert Blackmon was twenty years old and did not have a valid North Carolina driver's license. As a result of the accident, defendant Robert Blackmon was convicted of driving while impaired and driving while license was revoked.

After the accident, defendant Robert Blackmon stated to an investigating officer that his address was Route 1, Box 172, Franklinville, North Carolina, which was the same as his father's, defendant Michael Blackmon. Before the accident, defendant Robert Blackmon had been charged with second degree murder. He was released "about the middle of January 1987" to the custody of defendant Michael Blackmon pending his trial on the condition that he remained in the custody of his father at his father's residence.

At the time of the accident, defendant Nationwide had issued to defendant Michael Blackmon and his wife, Nan Blackmon, a personal auto policy, which was in full force and effect. The policy provided uninsured/underinsured motorist coverage in the amount of $50,000.00/100,000.00/10,000.00. Plaintiff had a personal auto policy with defendant State Capital. The policy was in effect at the time of the accident and provided bodily injury liability and uninsured motorists coverages. After defendants Nationwide and State Capital denied coverage for the accident, plaintiff filed this declaratory judgment action and also filed a separate tort action against the individual defendants. The parties to the tort action then entered into a consent order staying proceedings in that action pending the outcome of the declaratory judgment action. Defendant State Capital also consented to the stay.

The trial court entered summary judgment for defendant State Capital against plaintiff on 30 October 1989. This order was not appealed by any of the parties. The trial court entered summary judgment for plaintiff against defendant Nationwide on 7 November 1989 and denied Nationwide's motion for summary judgment. Nationwide appeals.

*Nichols, Caffrey, Hill, Evans & Murrelle, by Joseph R. Beatty, for defendant-appellant.*

*O'Briant, O'Briant & Bunch, by Lillian B. O'Briant, for plaintiff-appellee.*

EAGLES, Judge.

Defendant first assigns as error the trial court's entry of summary judgment in favor of plaintiff on the grounds that all of the evidence showed that its policy did not provide coverage for defendant Robert Blackmon. Defendant contends that plaintiff was not entitled to summary judgment because Robert Blackmon was driving Michael Blackmon's truck without a reasonable belief that he was entitled to do so and the question of whether Robert Blackmon was a resident of Michael Blackmon's household presented a genuine issue as to a material fact. Defendant argues that if Robert Blackmon was not a resident of Michael Blackmon's household, he was not covered under the policy.

Initially we note that

"[s]ummary judgment is granted when, viewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." The burden is upon the party moving for summary judgment to show, in order to be entitled to judgment, that no questions of fact remain to be resolved.

*Aetna Casualty & Surety Co. v. Nationwide Mut. Ins. Co.*, 326 N.C. 771, 774, 392 S.E.2d 377, 379 (1990) (citations omitted). After careful review of the record, we find that the dispositive issues in this case are whether defendant Robert Blackmon was a resident of his father's household and if so, whether the reasonable belief exclusion would apply to a family member. Here based upon the admitted facts of all the parties we conclude that plaintiff has met her burden of showing that no issues of fact exist.

"The avowed purpose of the Financial Responsibility Act, of which Sec. 279.21 is a part, is to compensate the innocent victims of financially irresponsible motorists." *American Tours v. Liberty Mutual Insurance Company*, 315 N.C. 341, 346, 338 S.E.2d 92, 96 (1986). "When a statute is applicable to the terms of a policy of insurance, the provisions of that statute become

part of the terms of the policy to the same extent as if they were written in it." *Id.* at 344, 338 S.E.2d at 95.

*Crowder v. N.C. Farm Bureau Mut. Ins. Co.*, 79 N.C. App. 551, 553-54, 340 S.E.2d 127, 129, *disc. rev. denied*, 316 N.C. 731, 345 S.E.2d 387 (1986).

G.S. 20-279.21(b)(2) provides:

Such owner's policy of liability insurance: (2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, or any other persons in lawful possession, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles[.]

"Defendant is liable to the plaintiff only if its liability accrues under the provisions set out in the contract of insurance between defendant and its insured[.]" *Younts v. State Farm Mutual Automobile Ins. Co.*, 281 N.C. 582, 584-85, 189 S.E.2d 137, 139 (1972). "In the absence of any provision in the Financial Responsibility Act broadening the liability of the insurer, such liability must be measured by the terms of the policy as written." *Id.* at 585, 189 S.E.2d at 139.

Plaintiff concedes in her brief that defendant Robert Lee Blackmon was not operating the vehicle "with the express or implied consent of the defendant Michael Blackmon."

Here, the policy in question obligates Nationwide to pay for damages for bodily injury or property damage for which any "covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages." The policy defines covered person as the following: "1. You or any family member for the ownership, maintenance or use of any auto or trailer. 2. Any person using your covered auto. 3. For your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part. 4. For any auto or trailer, other than your covered auto, any person or organization, but only with respect to legal responsibility for acts or omissions of you or any family member

for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or <u>trailer</u>." (The underlined statements appear in bold type in the policy.) <u>Family member</u> is defined in the policy as "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child."

By the policy's express terms there are several groups of covered persons among which are included family members and any person using the covered auto. Here the policy does not define the term "resident." Where the term "resident" is not defined in the insurance policy, "[s]uch term, if not defined, is capable of more than one definition and is to be construed in favor of coverage." *Fonvielle v. South Carolina Insurance Co.*, 36 N.C. App. 495, 497, 244 S.E.2d 736, 738, *disc. rev. allowed*, 295 N.C. 465, 246 S.E.2d 215 (1978), *motion to withdraw petition for disc. rev. allowed* 15 August 1978.

The interpretation of the terms "resident of your household" or "resident of the same household" or similar terms in insurance policies has been the subject of numerous appellate court decisions. *See generally* 96 A.L.R. 3d 804 (1979) (no-fault and uninsured motorist coverage) and 93 A.L.R. 3d 420 (1979) (liability insurance); *see, e.g., Jamestown Mutual Insurance Co. v. Nationwide Mutual Insurance Co.*, 266 N.C. 430, 146 S.E.2d 410 (1966); *Newcomb v. Insurance Co.*, 260 N.C. 402, 133 S.E.2d 3 (1963); *Barker v. Insurance Co.*, 241 N.C. 397, 85 S.E.2d 305 (1954) [sic]; *Davis v. Maryland Casualty Co.*, 76 N.C. App. 102, 331 S.E.2d 744 (1985); *Fonvielle v. Insurance Co.*, 36 N.C. App. 495, 244 S.E.2d 736, *disc. rev. allowed*, 295 N.C. 495 [sic], 246 S.E.2d 215 (1978), motion to withdraw petition for disc. rev. allowed 15 August 1978. As observed by our courts, the words "resident," "residence" and "residing" have no precise, technical and fixed meaning applicable to all cases. *Jamestown Mutual Ins. Co. v. Nationwide Mutual Ins. Co., supra.* "Residence" as many shades of meaning, from mere temporary presence to the most permanent abode. *Id.* It is difficult to give an exact or even satisfactory definition of the term "resident," as the term is flexible, elastic, slippery and somewhat ambiguous. *Id.* Definitions of "residence" include "a place of abode for more than a temporary time" and "a permanent and established home" and the definitions range between these two

extremes, *Barker v. Insurance Co., supra.* This being the case, our courts have held that such terms should be given the broadest construction and that all who may be included, by any reasonable construction of such terms, within the coverage of an insurance policy using such terms, should be given its protection. *Jamestown v. Nationwide, supra; Davis v. Maryland Casualty Co., supra.*

*Great American Ins. Co. v. Allstate Ins. Co.,* 78 N.C. App. 653, 655-56, 338 S.E.2d 145, 147, *disc. rev. denied,* 316 N.C. 552, 344 S.E.2d 7 (1986). "Intent to remain at a place seems determinative, although not intent to remain permanently. It is clear that the intent necessary to show residence is not that necessary to show domicile." *Fonvielle v. Insurance Co.,* 36 N.C. App. at 498, 244 S.E.2d at 738.

In *Jamestown, supra,* the insured's twenty-nine year old son, who had been previously married and served in the Army, returned to his father's home to stay until he found a residence more convenient to his place of employment. The son did not intend to stay in his father's house permanently but had no time as to when he was going to leave. The son had been living in his father's home only two weeks before the accident occurred. Our Supreme Court held that defendant son was " 'a resident of the same household' as his father." 266 N.C. at 439, 146 S.E.2d at 417.

[1] Here, in an affidavit, defendant Michael Blackmon, stated that "[a]bout the middle of January, 1987, he [Robert Blackmon] was released in my custody, pending his trial in February. The judge told him he had to stay with me to get bond." Defendant Robert Blackmon had been living in his father's house approximately three weeks before the accident occurred. He was a member of defendant Michael Blackmon's family and resided in the household as a condition of his pre-trial release from jail. On these facts, defendant Robert Blackmon was a resident of defendant Michael Blackmon's home and as a result was a "named insured" under the policy issued by defendant Nationwide.

Since Robert Blackmon is a family member who resided in the household of his father, defendant Michael Blackmon, at the time of the accident it is not necessary to reach the question of whether Robert Blackmon used the vehicle without a reasonable belief that he was entitled to do so. The Nationwide policy by its express terms provides that the company "will pay damages

for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." "Covered person" was defined as the named insured or a family member and "family member" was defined as "a person related to you [named insured] by blood, marriage or adoption who is a resident of your household." The Exclusions section of the policy lists the classes of persons for whom the policy does not provide liability coverage. The policy does not attempt to exclude coverage for a family member.

[2] We note that in its brief, defendant has cited several cases for the proposition that the reasonable belief exclusion applies to a family member. We find those cases unpersuasive here in light of other cases holding that the reasonable belief exclusion does not apply to a family member. *See e.g. Economy Fire & Casualty Co. v. Kubik*, 142 Ill. App. 3d 906, 492 N.E.2d 504 (1986).

In *Economy, supra*, the policy in question provided coverage for a family member but did not provide coverage " '[f]or any person using a vehicle without a reasonable belief that the person is entitled to do so.' " 142 Ill. App. 3d at 908, 492 N.E.2d at 506. There the Illinois appellate court stated that selective use of "family member" and "any person" throughout the policy's exclusions created the impression that the terms referred to mutually exclusive classes. The court stated that the use of the terms became "ambiguous through the manner in which those terms are used throughout the policy." *Id.* at 910, 492 N.E.2d at 507. The court stated that since the policy considered "family member" and "any person" as exclusive classes and since the exclusion in question did not specifically include the term "family member," "an ambiguity is created with regard to whether a 'family member' is barred from coverage by exclusion No. 11." *Id.* The appellate court held that in construing the policy in a light most favorable to the insured Economy was required to "defend and/or indemnify" Kubik. *Id.* at 911, 492 N.E. 2d at 508.

In *State Auto. Mutual Ins. Co. v. Ellis*, 700 S.W.2d 801 (Ky. App. 1985), a fourteen year old girl drove her father's truck without his permission or consent and was subsequently involved in an accident. State Auto denied coverage "because of an exclusion stating that the policy did not provide coverage for any person '[u]sing a vehicle without a reasonable belief that that person is entitled to do so.' " 700 S.W.2d at 802. The Kentucky Court of Appeals

**NEWELL v. NATIONWIDE MUT. INS. CO.**

[102 N.C. App. 622 (1991)]

stated that the daughter, who was included in the class of "family members," would have been afforded coverage but for the questioned exclusion which denied coverage for any person using the vehicle without a reasonable belief that the person was entitled to do so. The Kentucky court further stated that "[w]hen an attempt is made to apply the general exclusion to a family member such as Andrea, an ambiguity arises." 700 S.W.2d at 802. The court stated that "[i]f an insurance contract allows two reasonable constructions, the one most favorable to the insured prevails. Ambiguities in the contract language are resolved in the insured's favor." 700 S.W.2d at 803.

Here, the Nationwide policy uses "covered person," "family member," and "any person" selectively throughout the policy and more specifically in the Exclusions section of the policy. The Nationwide policy even highlights the terms "covered person" and "family member" whenever they are used in the policy. Under the express terms of the policy, "any person" is not an "all inclusive" term; it does not include family members. The policy establishes mutually exclusive classes. The selective use of these terms creates an ambiguity. "[W]hen there is an ambiguity and the policy provisions are susceptible to two interpretations, one of which imposes liability on the company and the other does not, the provisions will be construed in favor of coverage and against the insurer." *First National Bank v. Nationwide Insurance Co.*, 303 N.C. 203, 216, 278 S.E.2d 507, 515 (1981). Accordingly, the trial court correctly concluded that there was coverage and properly entered summary judgment for plaintiff.

Defendant next assigns as error the trial court's denial of its motion for summary judgment because all of the evidence showed that there was no coverage for Robert Lee Blackmon. For the reasons stated above, this assignment of error is overruled.

The decision of the trial court is affirmed.

Affirmed.

Judge WELLS concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I respectfully dissent.

The Nationwide policy under which Michael Blackmon was insured contained the following exclusion: "We do not provide liability coverage for any person . . . using a vehicle without a reasonable belief that that person is entitled to do so." Nationwide's policy included another term indicating coverage for any family member who is "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child." I believe a genuine issue of material fact exists as to whether Robert Lee Blackmon was a resident of Michael Blackmon's household at that time.

All of the uncontradicted evidence tends to show that the owner of the vehicle both knew Mr. Blackmon had no license and expressly denied Mr. Blackmon the right to operate any of his vehicles. I do not believe that even if Robert Lee Blackmon were found to be a resident that he would thereby automatically always have consent, express or implied, of the owner, his father, to operate a vehicle. This would indeed be an extremely dangerous precedent to set. For these reasons, I respectfully dissent.