LONNIE ANTHONY SCALES, Plaintiff v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and KEVIN LEE CREWS, Defendants

No. COA94-755

(Filed 15 August 1995)

**Insurance § 485 (NCI4th)— intentional shooting from vehicle—injured party not covered by owner's automobile insurance**

An intentional shooting from an automobile is not an act arising out of the ownership, maintenance, or use of an insured vehicle within the meaning of an automobile liability insurance policy.

**Am Jur 2d, Automobile Insurance §§ 194 et seq.**

**Automobile liability insurance: what are accidents or injuries "arising out of ownership, maintenance, or use" of insured vehicle. 15 ALR4th 10.**

Appeal by plaintiff from order entered 4 April 1994 by Judge D. Jack Hooks, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 4 April 1995.

On 30 June 1990, plaintiff-appellant Lonnie Anthony Scales attended a party at an apartment complex in Winston-Salem. Scales was confronted by Earl Freddie Jefferson, who attempted to fight Scales. Scales left the party in a vehicle driven by Carlos Hickman. Jefferson chased the Hickman vehicle in an automobile owned and operated by defendant Kevin Lee Crews. During the pursuit, Jefferson began firing a handgun at Hickman's vehicle. Hickman made a U-turn and when the cars were parallel, Crews leaned back to allow Jefferson to shoot at the Hickman vehicle through the window on the driver's side. A bullet struck Hickman's wrist and passed through Scales' right arm.

Scales filed a claim against the insurer of the Crews vehicle, defendant-appellee State Farm Automobile Insurance Company (State Farm), to recover for his injuries. State Farm denied the claim. Scales then filed suit against Crews and Jefferson, and the trial court granted a directed verdict against Jefferson. The following issue was submitted to the jury: "Did the defendant, Kevin Lee Crews use his automobile to facilitate an assault on the plaintiff, Lonnie Scales by the defendant, Earl Freddie Jefferson?" The jury answered: "Yes." The parties had previously stipulated the trial court would determine

damages, and a judgment in the amount of $200,000 was entered jointly and severally against Crews and Jefferson.

Based upon that verdict, Scales filed this action to recover under Crews' State Farm automobile policy. State Farm moved to dismiss the action pursuant to N.C.R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The trial court granted State Farm's motion, and from that order plaintiff appeals.

*Charles O. Peed & Associates, by Charles O. Peed, for plaintiff-appellant.*

*Hutchens, Doughton & Moore, by H. Lee Davis, Jr. and David L. Hall, for defendant-appellee State Farm Mutual Automobile Insurance Company.*

McGEE, Judge.

The issue presented by this appeal is whether Crews' general automobile liability policy issued by State Farm covers an intentional shooting from the insured vehicle. Based upon the facts presented, we find it does not and affirm the order of the trial court.

It is well established in North Carolina that the provisions of the Financial Responsibility Act are written into every automobile insurance policy. *State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. 534, 538-39, 350 S.E.2d 66, 69 (1986). N.C. Gen. Stat. § 20-279.21(b)(2) (1993) states, in part, that an owner's policy of liability insurance will insure "against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use" of the insured vehicle. Plaintiff contends his injuries are compensable under the State Farm policy because they arose out of the "use" of the insured vehicle. We disagree.

In support of his argument, plaintiff cites *Insurance Co. v. Walker*, 33 N.C. App. 15, 234 S.E.2d 206, *disc. review denied*, 293 N.C. 159, 236 S.E.2d 704 (1977) and *State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. 534, 350 S.E.2d 66 (1986). In these cases, automobile insurance policies were held to cover injuries sustained when guns were fired inside the insured vehicles. However, the cases are distinguishable. Both *Walker* and *State Capital* involved accidental discharges of rifles inside vehicles equipped with permanently mounted gun racks and regularly used to transport guns for hunting purposes. In fact, both vehicles were being used, or were about to be used, for hunting purposes when the guns fired. Therefore, the acci-

dental discharges occurred within the regular and normal use of the vehicles. In the case before us, Jefferson's firing of the gun was intentional and there is no evidence the vehicle was regularly used to transport guns. Therefore, neither *Walker* nor *State Capital* is applicable to the facts of this case.

Instead, we find the cases of *Wall v. Nationwide Mutual Ins. Co.*, 62 N.C. App. 127, 302 S.E.2d 302 (1983) and *Insurance Co. v. Knight*, 34 N.C. App. 96, 237 S.E.2d 341, *disc. review denied*, 293 N.C. 589, 239 S.E.2d 263 (1977), to be controlling. In *Knight*, a dispute arose over physical custody of a child. After attempting to bodily take the child from his father, the child's mother and several of her family members engaged in a high-speed automobile chase with the father. During the chase, someone in the pursuing automobile began shooting at the father's vehicle. One of the bullets struck the child in the head. The father and child filed suit against the mother and her family members. The insurance carrier for the pursuing automobile filed a declaratory action to determine its liability. After distinguishing *Walker*, this Court stated: "We reject defendant's contentions and conclude that the wound caused by gunshots fired from the insured's moving automobile does not constitute an accident arising out of the ownership, maintenance or use of such automobile." *Knight*, 34 N.C. App. at 100, 237 S.E.2d at 344.

In *Wall*, the plaintiff was involved in a scuffle with a third-party defendant inside a store. As plaintiff left the store, the third-party defendant, seated inside a vehicle insured by the defendant insurance company, shot the plaintiff with a handgun kept on the vehicle's dash. This Court again distinguished *Walker*, finding plaintiff Wall's injuries resulted from an act wholly independent, remote, and disassociated from the vehicle's normal use. *Wall*, 62 N.C. App. at 128-29, 302 S.E.2d at 303. This Court, citing *Knight*, held there is no causal relationship between an occupant's discharge of a weapon from inside a vehicle and the ownership, maintenance, or use of the vehicle. *Id.* at 128, 302 S.E.2d at 303. Therefore, an injury so caused does not arise from the "use" of a vehicle and will not result in coverage under a standard automobile liability policy. *Id.*

Plaintiff contends his case is distinguishable from *Knight* and *Wall* because the jury found as a fact that Crews "use[d] his automobile to facilitate an assault" on plaintiff. We find no merit to this argument. While it is true the vehicle played an integral part in the assault, and in fact the assault could not have occurred without the vehicle,

as this Court has said: "[The] argument that 'but for the use of the automobile' to establish causation is too broad and is rejected." *Knight*, 34 N.C. App. at 100, 237 S.E.2d at 345.

Plaintiff's argument misconstrues the intended meaning of "use" of the automobile. In order for an injury to be compensable, there must be a causal connection between the use of the vehicle and the injury. *Casualty Co. v. Insurance Co.*, 16 N.C. App. 194, 198, 192 S.E.2d 113, 118, *cert. denied*, 282 N.C. 425, 192 S.E.2d 840 (1972). This connection is shown if the injury is the natural and reasonable consequence of the vehicle's use. *Id.* at 198-99, 192 S.E.2d at 118. However, an injury is not a "natural and reasonable consequence of the use" of the vehicle if the injury is the result of something "wholly disassociated from, independent of, and remote from" the vehicle's normal use. *See Walker*, 33 N.C. App. at 22, 234 S.E.2d at 211. Clearly, an automobile chase with guns blazing is not a regular and normal use of a vehicle.

An intentional shooting such as occurred in this case is not a compensable act arising out of the ownership, maintenance, or use of an insured vehicle. Plaintiff cannot recover under the State Farm policy. Dismissal pursuant to Rule 12(b)(6) is proper if the plaintiff is not entitled to relief under the stated, provable facts of the case, such as when there is no law to support the claim made. *Garvin v. City of Fayetteville*, 102 N.C. App. 121, 123, 401 S.E.2d 133, 135 (1991). Therefore, the trial court properly granted State Farm's Rule 12(b)(6) motion, and the order dismissing plaintiff's action is affirmed.

Affirmed.

Judges JOHNSON and COZORT concur.