THOMAS ALLEN BRUTON, Plaintiff v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Defendant

No. COA96-1490

(Filed 7 October 1997)

### 1. Insurance § 1186 (NCI4th)— underinsured motorist coverage—residency—family visits

The trial court did not err in a declaratory judgment action to determine coverage under an underinsured motorist policy issued to plaintiff's father by finding that plaintiff was not a "resident" of his father's household where the undisputed facts showed that plaintiff spent the majority of his time in his mobile home in Faison; his Faison address was used for his bank account, utility bills, tax matters, medical and accident reports, and was listed as his "residence" with the post office. The two or three weekends per month plaintiff spent at his father's house could be characterized, at most, as family visits and did not make plaintiff a "resident' of his father's house for the purposes of recovering underinsured motorist coverage.

BRUTON v. N.C. FARM BUREAU MUT. INS. CO.

[127 N.C. App. 496 (1997)]

**2. Insurance § 1165 (NCI4th)— underinsured motorist coverage—listed driver—not resident of household**

In a declaratory judgment action to determine underinsured motorist coverage, there was no merit to plaintiff's argument that he had a reasonable expectation of coverage under his father's policy because his name was listed on the declarations page as a driver. The language of the policy was unambiguous and required that a family member for purposes of coverage must be a resident of the household; the trial court properly found that plaintiff was not a resident of the insured's household.

Appeal by plaintiff from judgment entered 12 September 1996 by Judge Knox V. Jenkins, Jr. in Johnston County Superior Court. Heard in the Court of Appeals 27 August 1997.

*Mast, Schulz, Mast, Mills & Stem, P.A., by Charles D. Mast and Bradley N. Schulz, for plaintiff-appellant.*

*Crossley, McIntosh, Prior & Collier, by Clay A. Collier, for defendant-appellee.*

LEWIS, Judge.

In this appeal, we are called upon to decide whether, within the context of an insurance policy, plaintiff was a "resident" of his father's household at the time of his injury by automobile accident on 31 October 1992.

Plaintiff was injured when the car in which he was riding, driven by his girlfriend, swerved off the road and hit a tree. Plaintiff incurred expenses of $125,000 as a result. He collected the policy limit of $25,000 from his girlfriend's liability carrier. He now seeks to collect the remaining $100,000 under his father's policy, which provides up to $300,000 in underinsured motorist (UIM) coverage to any "family member." The policy defines "family member" as "a person related to you [the insured] by blood, marriage or adoption *who is a resident of your household*" (emphasis added). The policy, however, does not define "resident." Whether plaintiff can recover under his father's UIM coverage hinges on whether plaintiff was a "resident" of his father's household at the time of the accident.

In a declaratory judgment action instituted by plaintiff the trial judge, sitting without a jury, found that plaintiff was not a "resident" of his father's household and was not covered under his father's policy. Plaintiff appeals.

[1] The meaning of language used in an insurance policy is a question of law for this Court, as is the construction and application of the policy's provisions to the undisputed facts. *Daniel v. City of Morganton*, 125 N.C. App. 47, 53, 479 S.E.2d 263, 267 (1997). As with any other question of law, our review is de novo. *Bicket v. McLean Securities, Inc.*, 124 N.C. App. 548, 553, 478 S.E.2d 518, 521 (1996), *disc. review denied*, 346 N.C. 275, 487 S.E.2d 538 (1997).

The word "resident" is an elastic, flexible, and somewhat ambiguous term. *Great American Ins. Co. v. Allstate Ins. Co.*, 78 N.C. App. 653, 656, 338 S.E.2d 145, 147, *disc. review denied*, 316 N.C. 552, 344 S.E.2d 7 (1986). Its meaning can fall anywhere within the spectrum of "a place of abode for more than a temporary period of time" to "a permanent and established home." *Id.*

We conclude that a reasonable construction of the term "resident" does not include plaintiff based on the facts before us. We find that plaintiff was not a resident of his father's household at the time of the accident. The undisputed facts show that plaintiff spent the majority of his time with his girlfriend in *his* mobile home in Faison; prior to the accident he purchased a health insurance policy for which he listed his Faison address; he listed his Faison address for a bank account; his utility bills were incurred at and mailed to his Faison address; his Faison address was given for all tax matters; and his Faison address was also listed as his "residence" with the United States Post Office. In addition, following the accident plaintiff gave his Faison address to the medical authorities for all of his medical and accident reports. Although plaintiff spent two to three weekends per month at his father's house and stored some toiletries there, the overwhelming evidence shows that he consistently and publicly represented his Faison address as his residence. At most, plaintiff's occasional weekend visits could be characterized as family visits.

We affirm the trial court's judgment that plaintiff was not a resident under his father's automobile insurance policy for the purposes of recovering underinsured motorist coverage.

[2] Plaintiff also argues that he was covered under his father's policy because he had a reasonable expectation of coverage because his name was listed on the declarations page of the insurance policy as a driver. We disagree.

Plaintiff advances his "reasonable expectation of the parties" theory in an effort to evade the express language of the insurance con-

DEPT. OF TRANSPORTATION v. HAGGERTY

[127 N.C. App. 499 (1997)]

tract. Insurance contracts are strictly construed absent any ambiguity. *Fidelity Bankers Life Ins. Co. v. Dortch,* 318 N.C. 378, 380, 348 S.E.2d 794 (1986). The language of the insurance policy here is unambiguous. A family member for purposes of coverage under the insurance policy means "a person related to you by blood, marriage or adoption who is a *resident* of your household" (emphasis added). The trial court found, as do we, that plaintiff was not a resident of the named insured's (his father's) household. Therefore, by the terms of the contract plaintiff is not covered. We discern no reason to depart from the terms of the policy.

Accordingly, the trial court's judgment is affirmed.

Affirmed.

Judges JOHN and SMITH concur.