DUSTIN H. SMITH, Plaintiff v. ALAN WAYNE STOVER, Defendant, and NCACC RISK MANAGEMENT AGENCY LIABILITY AND PROPERTY SELF-INSURANCE POOL, Unnamed defendant, Appellant

No. COA06-208

(Filed 17 October 2006)

1. **Insurance— automobile—UM coverage—deputy shot by uninsured motorist**

   The uninsured motorist provision of a county's policy on a vehicle driven by a deputy sheriff did not cover injuries received by the deputy when he was intentionally shot by an uninsured driver whom the deputy was pursuing after the driver ran a red light because there was no causal relationship between the ownership, maintenance or use of the uninsured vehicle and the driver's intentional shooting of the deputy.

2. **Insurance— automobile—intentional shooting—vehicle not regularly used to transport firearm—accident**

   The intentional shooting of plaintiff deputy sheriff was not the result of an accident, and plaintiff's injuries were thus not covered by the county's automobile insurance policy, because our appellate courts have found there to be automobile liability insurance coverage for injuries resulting from shootings only in very specific fact situations including: (1) the vehicle must have been regularly used to transport the firearm; and (2) the discharge of the firearm must have been the result of negligent, unintentional conduct. In the instant case, there was no finding by the trial court or evidence before the court that defendant regularly transported a firearm in his vehicle; and defendant's guilty pleas conclusively establish that his multiple acts of discharging a firearm at plaintiff were intentional and not accidental.

Appeal by unnamed defendant from an order determining insurance coverage entered 19 July 2005 by Judge James U. Downs in Cherokee County Superior Court. Heard in the Court of Appeals 14 September 2006.

*Ball, Barden & Bell, P. A., by Thomas R. Bell for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by William A. Bulfer for unnamed defendant-appellant.*

STEELMAN, Judge.

Unnamed defendant, NCACC Risk Management Agency Liability and Property Self Insurance Pool, ("insurer") appeals from an order of the trial court finding that plaintiff's injuries were covered under the provisions of an uninsured motorist coverage portion of a policy of insurance issued to Cherokee County. For the reasons discussed herein, we reverse the order of the trial court.

Dustin H. Smith ("plaintiff") was employed as a deputy sheriff for Cherokee County, was on duty, and was operating a motor vehicle owned by the County on 6 April 2001. He observed Alan Stover ("defendant") run a red light. Plaintiff pursued defendant until defendant's vehicle became stuck in a creek. Plaintiff stopped his vehicle. Defendant fired with a shotgun at plaintiff from his car, breaking the windshield but not injuring him. Plaintiff then exited his vehicle. Defendant exited his vehicle and ran into nearby woods. Defendant fired several times at plaintiff from the woods, striking and injuring plaintiff. Defendant pled guilty to criminal charges of attempted murder, three counts of assault on a law enforcement officer with a firearm, two counts of assault with a deadly weapon with intent to kill, assault with a deadly weapon with intent to kill inflicting serious injury, discharge of a weapon into occupied property, and assault on a law enforcement officer inflicting serious injury.

Plaintiff filed this action against defendant seeking monetary damages for personal injury and punitive damages. Insurer had issued a policy of insurance to Cherokee County, plaintiff's employer, which contained uninsured motorist coverage in the amount of $100,000.00. This policy provided insurance on the vehicle operated by plaintiff on the date of the shootings. The vehicle operated by defendant was uninsured. Insurer filed answer to plaintiff's complaint as an unnamed defendant. Upon the failure of defendant to appear or file responsive pleadings, judgment was entered against defendant in the amount of $250,000.00 for compensatory damages and $250,000.00 for punitive damages. By consent of the parties, the trial court heard and decided the question of whether the plaintiff's injuries were covered by insurer's policy, sitting without a jury. Judge

Downs held that plaintiff's injuries were covered by the policy. From this order, insurer appeals.

**[1]** In its first argument, insurer contends that the trial court erred in holding that the uninsured motorist coverage was applicable to plaintiff's injuries, since plaintiff's injuries did not arise from the "ownership, maintenance, or use" of a motor vehicle. We agree.

This is a claim under the uninsured motorist coverage of Cherokee County's insurance policy. The relevant portion of this policy reads as follows:

> The Fund will pay all sums the Covered Person is legally entitled to recover as damages from the owner or driver of an Uninsured Motor Vehicle. The damages must result from Bodily Injury sustained by the Participant or Property Damage, caused by an Accident. The owner's or driver's liability for these damages must result from the ownership, maintenance, or use of the Uninsured Motor Vehicle.

Our review of the trial court's construction of the provisions of an insurance policy is *de novo. Bruton v. N.C. Farm Bureau Mut. Ins. Co.*, 127 N.C. App. 496, 498, 490 S.E.2d 600, 601-02 (1997).

The policy is clear that plaintiff's damages "must result from the ownership, maintenance, or use of the Uninsured Motor Vehicle." This provision does not refer to the use of the Cherokee County Sheriff's Department vehicle by plaintiff. Rather, it refers to defendant's use of the uninsured motor vehicle.

In ruling in favor of plaintiff, the trial court relied heavily upon the case of *Nationwide Mutual Ins. Co. v. Knight*, 34 N.C. App. 96, 237 S.E.2d 341 (1977). In *Knight*, a group of people, purportedly acting on behalf of the mother of a child, were attempting to take the child away from the father. A high-speed chase ensued, during which the pursuing car rammed the pursued car, causing personal injuries to individuals in the pursued car. In addition, the pursuers shot at the other car, resulting in serious injury to the child. *Knight*, 34 N.C. App. at 97, 237 S.E.2d at 343-44. The issues presented to this Court were whether the injuries resulting from the ramming and the shooting were covered under the automobile liability insurance policy of the pursuing vehicle. *Id.* at 98-100, 237 S.E.2d at 343-44.

This Court held that the injuries resulting from the ramming were covered under the insurance policy, but that the injuries resulting

from the shooting were not covered. *Id.* In finding coverage for the injuries resulting from the ramming, this court quoted from the case of *Insurance Co. v. Roberts*, 261 N.C. 285, 289, 134 S.E.2d 654, 658 (1964), a case where the defendant deliberately drove a vehicle across a sidewalk and struck a pedestrian: "[F]rom the point of view of the victim of an unexpected and unprovoked assault with an automobile, his damages are just as accidental as if he had been negligently struck while crossing the street." *Knight*, 34 N.C. App. at 98, 237 S.E.2d at 343.

In the instant case, the trial court relied upon this language to conclude that plaintiff's injuries were incurred as a result of the ownership, maintenance, or use of an uninsured motor vehicle. This conclusion was in error. In *Knight*, this Court went on to hold that the child's injuries as a result of the shooting were not covered by the insurance policy:

> [T]here is no causal relationship between the ownership, maintenance and use of the insured's moving vehicle, and the injury sustained by the minor defendant as a result of gunshots fired from that moving vehicle. Defendant's argument that "but for the use of the automobile" to establish causation is too broad and is rejected.

*Knight*, 34 N.C. App. at 100, 237 S.E.2d at 345.

In this case, the trial court concluded that:

> Defendant Stover's liability results directly from his use of the uninsured motor vehicle in that the incident leading to Plaintiff's injuries were initiated when Defendant Stover ran a stop sign while driving the uninsured motor vehicle, and Plaintiff, being a law enforcement officer, attempted to stop the vehicle to enforce the laws of the State of North Carolina as they apply to motor vehicles.

This is precisely the type of tenuous causation analysis that was expressly rejected in *Knight*.

Clearly, if plaintiff had been injured in a motor vehicle collision that occurred in the course of the chase of defendant, the uninsured motorist coverage of Cherokee County's insurance policy would have been applicable. *See Knight*, 34 N.C. App. at 100, 237 S.E.2d at 345. However, there was no connection between the ownership, maintenance, or use of the uninsured motor vehicle and defendant's intentional shooting of plaintiff.

Cases decided subsequent to *Knight* make it abundantly clear that injuries suffered as a result of an intentional shooting do not arise from the ownership, maintenance, or use of a motor vehicle. *Integon Specialty Ins. Co. v. Austin,* 151 N.C. App. 593, 565 S.E.2d 736 (2002); *Scales v. State Farm Mutual Automobile Ins. Co.,* 119 N.C. App. 787, 460 S.E.2d 201 (1995); *Wall v. Nationwide Mutual Ins. Co.,* 62 N.C. App. 127, 302 S.E.2d 302 (1983). The rationale for this ruling was stated in *Scales*:

> [A]n injury is not a "natural and reasonable consequence of the use" of the vehicle if the injury is the result of something "wholly disassociated from, independent of, and remote from" the vehicle's normal use. Clearly, an automobile chase with guns blazing is not a regular and normal use of a vehicle.

*Scales,* 119 N.C. App. at 790, 460 S.E.2d at 203 (internal citations omitted).

We hold that there was no connection between the ownership, maintenance, or use of defendant's vehicle and the injuries plaintiff sustained. The uninsured motorist coverage is not applicable to plaintiff's injuries, and the trial court should have so held.

**[2]** In its second argument, insurer contends that the intentional shooting of plaintiff was not the result of an accident and plaintiff's injuries are therefore not covered by the insurance policy. We agree.

Our appellate courts have found there to be automobile liability insurance coverage for injuries resulting from shootings only in a very specific fact situation. First, the vehicle must have been regularly used to transport the firearm, and second, the discharge of the firearm must have been the result of negligent, unintentional conduct. *See State Capital Ins. Co. v. Nationwide Mutual Ins. Co.,* 318 N.C. 534, 350 S.E.2d 66 (1986); *Hartford Fire Ins. Co. v. Pierce,* 127 N.C. App. 123, 489 S.E.2d 179 (1997); *Reliance Ins. Co. v. Walker,* 33 N.C. App. 15, 234 S.E.2d 206 (1977).

In the instant case, there is no finding of fact by the trial court or evidence before the court that defendant regularly transported the firearm in his vehicle. Further, defendant's guilty pleas conclusively establish that his multiple acts of discharging a firearm at plaintiff were intentional and not accidental. *See, e.g., Allstate Ins. Co. v. Lahoud,* 167 N.C. App. 205, 211, 605 S.E.2d 180, 184 (2004). Therefore, plaintiff's injuries were not the result of an accident, and there is no

coverage under the uninsured motorist coverage of Cherokee County's policy of insurance.

Because of our holdings set forth above, we do not address the remainder of insurer's arguments.

The order of the trial court is reversed and this matter is remanded to the trial court for entry of an order holding that plaintiff's injuries were not covered by insurer's policy.

REVERSED.

Judges McGEE and LEVINSON concur.