STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Appellant,

v.

Andrea K. ELLIS and John Ellis, Appellees.

Court of Appeals of Kentucky.

Sept. 20, 1985.

Discretionary Review Denied and Opinion Ordered Published by the Supreme Court Dec. 17, 1985.

C.W. Swinford, David C. Schwetschenau, Lexington, for appellant.

John B. Baughman, Paul C. Gaines III, Frankfort, for appellees.

Before COMBS, REYNOLDS and WHITE, JJ.

WHITE, Judge.

On September 9, 1981, fourteen-year-old Andrea Ellis took her father's pickup truck without his permission or consent and drove onto U.S. Highway 127 in Franklin County. There a collision occurred involving Andrea, Scotty Warford and Victoria Tate. Warford and Tate sued Andrea and her father John Ellis for property damage and medical expenses. John Ellis's insurer, appellant State Automobile Mutual Insurance Company, denied insurance coverage because of an exclusion stating that the policy did not provide coverage for any person "[u]sing a vehicle without a reasonable belief that that person is entitled to do so."

John and Andrea Ellis then filed a third-party complaint against the appellant, requesting indemnity and insurance coverage. On Warford's motion, summary judgment was granted in his favor against Andrea Ellis. The Ellises' motion for summary judgment against the appellant was granted, the trial court ruling that the insurance policy provided coverage for damages assessed against the Ellises. The only issue presented on this appeal is whether the clause in the insurance policy excluding from coverage any person "[u]sing a vehicle without a reasonable belief that that person is entitled to do so" would absolve the appellant from its contractual obligation to provide insurance coverage under the facts of this case. In so framing the issue the appellant concedes that but for the exclusion, it would be obligated to provide coverage.

The insurance policy in question included the following statements:

INSURING AGREEMENT

We will pay damages for bodily injury or property damage for which any <u>covered person</u> becomes legally responsible because of an auto accident....

"<u>Covered Person</u>" as used in this Part means:

1. You or any <u>family member</u> for the ownership, maintenance or use of any auto or <u>trailer.</u>

(The underlined statements appear in bold type in the policy.)

The policy defines a "family member" to be any person related to the insured by blood, marriage or adoption who is a resident of the insured's household.

Reading the policy without the questioned exclusion, Andrea is clearly included in the narrow class of "family members" who are specifically afforded coverage under the policy. It is possible to determine that she is covered from the face of the policy without more. When an attempt is made to apply the general exclusion to a family member such as Andrea, an ambiguity arises. It then becomes necessary to resort to facts outside the policy to determine whether there is coverage, by determining whether a reasonable belief existed that the driver was entitled to use the vehicle. The policy does not offer guidance as to what constitutes a "reasonable belief," nor does it specify whether "entitled" means simply obtaining permission from the owner of the vehicle or whether a valid license from the applicable state would also be required to avoid exclusion from coverage. The rule that ordinary words in insurance policies are to be given their ordinary

meaning does not resolve the ambiguity inherent in the language.

■ Doubts concerning the construction of insurance contracts are to be liberally construed in favor of the insured, and exclusions are to be strictly construed to make insurance effective. *Davis v. American States Insurance Company*, Ky.App., 562 S.W.2d 653 (1978).

■ If an insurance contract allows two reasonable constructions, the one most favorable to the insured prevails. Ambiguities in the contract language are resolved in the insured's favor. *Wolford v. Wolford*, Ky., 662 S.W.2d 835 (1984).

■ In cases of ambiguity specific clauses in insurance policies control general clauses. *See 2 Couch on Insurance 2d* § 15:71 (Rev.Ed.1984).

We conclude that Andrea is specifically included in the coverage of the policy as a "family member" and that the general exclusion does not operate to exclude that coverage.

The judgment of the Franklin Circuit Court is affirmed.

All concur.