OMNI INSURANCE COMPANY,
Appellant,

v.

Barbara COATES, Appellee.

No. 95–CA–3045–MR.

Court of Appeals of Kentucky.

Feb. 28, 1997.

John H. McCracken, Bowling Green, for appellant.

Debra L. Broz, Stuart & Broz, Bowling Green, for appellee.

Before GUIDUGLI, HUDDLESTON and SCHRODER, JJ.

## OPINION

GUIDUGLI, Judge.

Omni Insurance Company (Omni) appeals from an order of the Grayson Circuit Court entered on October 13, 1995, holding that appellee, Barbara Coates (Coates), was entitled to receive Basic Reparation Benefits (BRB) under a policy issued to her by Omni. We reverse and remand.

Coates owned two vehicles, a 1989 Pontiac Grand Am and a 1980 Chevrolet. Coates obtained insurance on the Pontiac from Omni. The policy was effective on November 4, 1993, through May 4, 1994. Under the terms of the policy, there was no coverage for "bodily injury sustained by the named insured or any relative while occupying any motor vehicle owned by the named insured which is not an insured motor vehicle." Coates did not insure the Chevrolet.

On November 6, 1993, Coates was involved in an automobile accident while driving the Chevrolet. She subsequently made a claim for BRB under the policy issued by Omni on the Pontiac. On March 4, 1994, Omni filed a complaint for declaratory judgment alleging that it had no duty to pay BRB to Coates based on the exclusionary language set forth above. The trial court held that Coates was entitled to BRB benefits under the policy issued by Omni and further held that the exclusionary clause relied on by Omni was void as contrary to law. This appeal followed.

In support of her argument that she is entitled to recover BRB from Omni despite the fact that the vehicle she was driving at the time of the accident was uninsured, Coates relies on Kentucky Revised Statutes (KRS) 304.39–050. Under that statute, if the vehicle occupied by an injured person at the time of an accident is uninsured, the injured person is entitled to seek BRB from "any [policy] of basic reparation insurance under which the injured person is a basic reparation insured[.]" KRS 304.39–050(2). Coates contends that she is entitled to recover BRB from Omni under this statute because she was injured in an uninsured vehicle and is a basic reparation insured under the policy issued by Omni. Coates also relies on a foot-

note in *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975), which provides that "BRB is paid by ... the issuer of any policy under which the injured person is entitled to BRB" if the vehicle was uninsured at the time of the accident. *Fann*, 534 S.W.2d at 772, n. 8. Finally, Coates cites *Bishop v. Allstate Ins. Co.*, Ky., 623 S.W.2d 865 (1981), where the Kentucky Supreme Court stated:

> The Uniform Motor Vehicle Accident Reparations Act, on which Kentucky's MVRA is closely modeled, includes sections 12, 14 and 15 which provide that BRB may be subject to certain exclusions. Our legislature did not include these sections in the MVRA, although it adopted a provision for optional additional reparation benefits which could be subject to exclusions, KRS 304.39–140. Omitting sections 12, 14 and 15 of the Uniform Act clearly indicates that our lawmakers intended that BRB minimum coverage be untouchable.

*Bishop*, 623 S.W.2d at 866.

Notwithstanding the authority cited by Coates in support of her argument, we find that the outcome in this case is controlled by the reasoning used by this Court in *Brown v. Atlanta Casualty Co.*, Ky.App., 875 S.W.2d 103 (1994). In *Brown*, the plaintiff, who lived with his father, was injured while driving an uninsured vehicle owned by him and registered in his own name. He filed a claim for BRB with defendant, which had issued a policy of insurance to his father, claiming that he was entitled to such benefits because he was a member of his father's household. In support of his claim, plaintiff argues that he was a basic reparation insured as defined under KRS 304.39–020(3) and was thus entitled to BRB under KRS 304.39–050(2). Defendant argued that plaintiff was not entitled to BRB because the policy specifically excluded injuries sustained by a relative while occupying an uninsured vehicle owned by said relative.

In holding that the exclusion was valid, the Court noted that under KRS 304.39–010(1), the purpose of Kentucky's Motor Vehicle Reparations Act was to require owners and operators of vehicles within the Commonwealth to procure insurance which would cover BRB as well as legal liability arising out of

the use of a vehicle. *Brown*, 875 S.W.2d at 104. The Court further noted that the public policy set forth in KRS 304.39–010(1) was effectuated by KRS 304.39–080(5), which requires vehicle owners and operators to procure security for payment of any BRB or tort liability resulting from the operation of a vehicle by procuring a policy of insurance or qualifying as a self-insurer. *Id.* The Court then held that the plaintiff's argument:

> would allow uninsured motorists driving their own uninsured vehicles to recover BRBs and thereby circumvent the very purpose of the Act. The public policy behind the Act is to require insurance, and to that end uninsured motorists are not given the same protection as insured motorists.
>
> Clearly, the Act does not contemplate recovery of basic reparations benefits for uninsured motorists such as Brown.

*Brown*, 875 S.W.2d at 104.

The Court then reasoned that even if the exclusion was held to be invalid and the defendant was required to pay the plaintiff's claim, it would have subrogation rights against the plaintiff pursuant to KRS 304.39–310(2) and KRS 304.30–050(1). The Court stated:

> If Brown were deemed to be an insured under his father's policy, Brown himself would be primarily liable for his own damages since KRS 304.39–310(2) makes him the basic reparation obligor on his own vehicle. Atlanta Casualty's liability would be secondary. This circular liability is absurd, and we will not interpret the statutes in a manner that would produce such a result. *See Winebrenner v. Dorten*, Ky., 825 S.W.2d 836, 837 (1992).

*Brown*, 875 S.W.2d at 105.

Although, as Coates points out, *Brown* is factually different from the case *sub judice*, we feel that the reasoning of *Brown* precludes her recovery from Omni. Under KRS 304.39–080(5), "*every* owner of a motor vehicle registered in this Commonwealth or operated in this Commonwealth by him" is required to provide security for BRB or tort liability arising from the operation of that vehicle in the form of an insurance policy or by qualifying as a self-insurer (emphasis add-

ed). Coates failed to insure the Chevrolet she was driving when the accident occurred. Having failed to do so, she should not be permitted to hide behind KRS 304.39–050(2) in order to recover BRB from Omni. To allow her to do so would in effect allow every person in Kentucky who owns more than one vehicle to meet their insurance obligation by insuring only one of their vehicles and to hold their own insurer liable for coverage on a vehicle which was not contemplated or intended to be covered. We agree with Omni that it would be most unreasonable for Coates to believe that injuries sustained by her while driving the uninsured Chevrolet would be covered under the policy providing coverage only for the Pontiac. *See Woodson v. Manhattan Life Ins. Co.*, Ky., 743 S.W.2d 835 (1987) (holding that insured is entitled to all coverage reasonably expected to be provided under the terms of policy).

We also agree with *Brown* that even if we were to find the exclusion in the policy to be invalid and force Omni to pay BRB to Coates, Omni would have subrogation rights back against Coates under KRS 304.39–310(2) and KRS 304.39–050(1). It would be both ridiculous and absurd to require Omni to pay BRB to Coates and then allow it to reclaim the money by exercise of its subrogation rights.

Having considered the parties' arguments on appeal, we reverse the order of the Grayson Circuit Court, and remand with instructions to issue an order in conformance with this opinion.

All concur.