**Adrian S. YORK, Appellant,**

v.

**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.**

**Angela Prewitt, Appellant,**

v.

**Kentucky Farm Bureau Mutual Insurance Company, Appellee.**

No. 2003–SC–334–DG, 2003–SC–0338–DG.

Supreme Court of Kentucky.

Feb. 17, 2005.

John P. Chappell, Gary N. Hudson, Bruce R. Bentley, Zoellers, Hudson, and Bentley, London, Counsel for Appellants.

R. William Tooms, Taylor, Keller, Dunaway and Tooms, Russell W. Burgin, House & Burgin, London, Counsel for Appellee.

Michael A. Breen, Bowling Green, for Kentucky Academy of Trial Lawyers, Amicus Curiae.

Opinion of the Court by Justice GRAVES.

This dispute involves Appellee Kentucky Farm Bureau's denial of motor vehicle liability coverage through its application of a "non-permissive user exclusion" in its insurance policy with Appellant Adrian York. Jackson Circuit Judge Maricle granted summary judgment against Kentucky Farm Bureau, finding that this exclusion in Adrian York's insurance policy did not apply. A unanimous Court of Appeals reversed, holding that the unambiguous exclusion applied in these undisputed circumstances. Non-permissive driver Adrian York and injured passenger Angela Prewitt separately seek further review.

In the early hours of October 13, 1998, James Neeley was driving in Jackson County with Ms. Prewitt in his 1994 Chevrolet Camaro Z–28. Stopping to socialize with some friends in the parking lot of a restaurant known as the "Chat and Chew," both Neeley and Ms. Prewitt exited the automobile. Ms. Prewitt reentered the car when she got cold. York, who had been part of the parking lot gathering, peered into the Camaro's interior and entered the driver's seat, expressing his desire to drive the vehicle, but Neeley absolutely and repeatedly refused. In complete defiance of Neeley's wishes, York drove away with Prewitt in the passenger's seat. After driving several miles and turning around

towards the "Chat and Chew," York wrecked the vehicle. Ms. Prewitt sustained injuries as a result. York later pled guilty to reckless driving and unlawful operation of a vehicle.

At the time of the single-car accident, Kentucky Farm Bureau provided coverage to both James Neeley and Adrian York. Adrian York was insured via his father Jerry York's policy, in which Jerry York was the named insured and Adrian York was a listed driver. Both policies contained the following identical non-permissive user exclusion:

B. We do not provide Liability Coverage for any person:

. . .

    4. Using a vehicle without a reasonable belief that a person is entitled to do so.

Kentucky Farm Bureau filed a declaratory judgment action seeking to absolve itself of liability coverage under this exclusion. Granting summary judgment against Kentucky Farm Bureau, the Jackson Circuit Court concluded that the exclusionary language applied to the Neeley policy, but that it did not apply to the York policy. The circuit court found that York was an insured under the policy and the exclusion naming "any person" did not specifically reference insureds, and held that Kentucky public policy required liberal construction of insurance contracts in favor of finding coverage for the innocent injured third party Ms. Prewitt. A unanimous Court of Appeals panel reversed, holding that there was no ambiguity in the exclusion, and that York was "any person" driving the Neeley vehicle "without a reasonable belief" that he was "entitled to do so." The Court of Appeals found that there was simply no evidence to support that "any person" had a special meaning that did not include insureds. Appellants also argued that the public policy behind the Motor Vehicles Reparations Act (MRVA), KRS 304.39–010, required a finding in favor of insurance coverage for innocent third parties. In response, the Court of Appeals held that KRS 304.39.080(5) only permitted but did not require liability insurance for non-owned vehicles. We granted review.

■ The facts in this case are undisputed. All parties acknowledge that York did not have permission to drive the automobile. Appellants argue that the non-permissive user exclusion does not apply to York because he was an insured under the policy. The insurance policy provides insurance coverage to "you or any family member for the ownership, maintenance or use of any auto or trailer." Appellants claim that, because the policy covers York during his use of "any auto," the non-permissive user exclusion does not apply to York because it does not specifically refer to insureds, and, at best, creates an ambiguity in its exclusion of "any person."

■ We find no ambiguity in the non-permissive user exclusion. The clear and unambiguous words of an insurance contract should be given their plain and ordinary meaning. *Nationwide Mutual Insurance Co. v. Nolan*, 10 S.W.3d 129, 131 (Ky.1999). By a plain and ordinary reading of the non-permissive user exclusion, all persons, including insureds like York, fall within the meaning of "any person." Although the insurance policy in question covers insureds during their use of "any auto," in the absence of evidence to the contrary, a plain reading of the exclusion reveals that it is an overarching exception to the policy coverage as a whole.

Appellants contend that ambiguities in insurance contracts should be liberally construed in favor of the insured, and rely on *State Automobile Mutual Insurance Company v. Ellis*, 700 S.W.2d 801 (Ky.

App.1985). Because there is no ambiguity in the non-permissive user exclusion as applied to the facts of the instant case, this doctrine is inapplicable.

■ Lastly, Appellants argue that public policy mandates a finding of insurance coverage in such cases involving innocent third parties. Appellants cite the MVRA as the source of the public policy goal of providing liability coverage for the benefit of the victims of motor vehicle accidents.

To support their public policy argument, Appellants rely on *Bishop v. Allstate Insurance Company*, 623 S.W.2d 865 (Ky. 1981), and *Progressive Northern Insurance Co. v. Corder*, 15 S.W.3d 381 (Ky. 2000). *Bishop* involved a household exclusion provision in an automobile insurance contract that denied liability coverage for injuries sustained by the "household" members of the insured. In *Progressive Northern*, an insurance company rescinded a motorcycle insurance policy after an accident on the ground that the policy was fraudulently obtained. In both of these cases involving injuries sustained by innocent third parties, we held that the insurance companies' denial of liability coverage defeated minimum liability coverage in contravention of the MVRA. *Bishop, supra*, at 866; *Progressive Northern, supra*, at 384.

The facts of *Bishop* and *Progressive Northern*, however, can be distinguished from the instant case. *Bishop* and *Progressive Northern* involved the insurance policies of the individuals who owned the motor vehicle involved in the accident. The MVRA mandates owners of motor vehicles to provide liability insurance with respect to that vehicle. KRS 304.39–080(5). In the instant case, Adrian York was not the owner of the vehicle involved in the accident, and did not even have permission to operate the vehicle. As such, we agree with the Court of Appeals in its holding that the language of KRS 304.39–080(5) regarding liability insurance on non-owned vehicles is merely permissive, as it reads "any other person may provide" liability insurance. Therefore, we agree with the Court of Appeals in our refusal to adopt a higher liability insurance standard than that which is required by KRS 304.39–080(5). *See Consolidated American Insurance Co. v. Anderson*, 964 S.W.2d 811, 814 (Ky.App.1997).

■ "The terms of an insurance contract must control unless [they] contraven[e] public policy or a statute." *Meyers v. Kentucky Medical Insurance Co.*, 982 S.W.2d 203, 209 (Ky.App.1997). The non-permissive user exclusion in the York insurance policy unambiguously excludes Kentucky Farm Bureau from insurance liability. Our decision is consistent with *Bishop* and *Progressive Northern* because the public policy goal of the MVRA does not require a finding of insurance liability for vehicles that are not owned by the insured driver.

The decision of the Court of Appeals is affirmed.

COOPER, GRAVES, JOHNSTONE, and KELLER, J.J. concur.

LAMBERT, C.J., dissents by separate opinion in which SCOTT, and WINTERSHEIMER, J.J., join.

LAMBERT, Chief Justice, dissenting.

A fundamental purpose of the Motor Vehicle Reparations Act [1] (MVRA) is to "provide prompt payment to victims of motor vehicle accidents without regard to whose negligence caused the accident in order to eliminate the inequities which

1. KRS 304.39–010.

fault-determination has created." [2] Allowing exclusions from minimum coverage contravenes the purpose of the MVRA.[3] The MVRA requires procurement of insurance covering basic reparations and legal liability for the ownership, operation or use of motor vehicles. Kentucky law and public policy considerations mandate that we find coverage in cases involving the injury of an innocent third party.

The MVRA "require[s] owners, registrants and operators of motor vehicles in the Commonwealth to procure insurance covering basic reparation benefits and legal liability arising out of ownership, operation or use of such motor vehicles." [4] Consistent with this requirement of the MVRA, this Court has denied any exclusion that would "dilute or eliminate the minimum security required by the Act." [5] In *Progressive Northern Ins. Co. v. Corder*, we held that "[t]he public policy expressed in the Act [MVRA] is that every victim of a motor vehicle accident will be able to recover the statutory minimum towards satisfaction of any judgment obtained." [6] Applying this rule, the insurance contract must be construed in favor of coverage.[7]

The language of Appellant York's policy clearly states that Appellee, Kentucky Farm Bureau Mutual Insurance Company, would "pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident." The policy defines an insured as "you or *any family member* for the ownership, maintenance or *use of any auto* or trailer." (Emphasis Added). As this policy was maintained by Appellant York's father, Appellant York qualifies as an insured during his use of any automobile.

The Court of Appeals held in *State Automobile Mutual Insurance Co. v. Ellis* that an unlicensed fourteen year old child of an insured was covered by her father's policy even though the truck was taken without his permission.[8] The facts of *Ellis* were clear that the fourteen year old child took her father's truck "without a reasonable belief" that she was permitted to do so. In *Ellis*, the same non-permissive user exclusion was present, but the Court of Appeals held that an ambiguity arose when that exclusion was applied to a family member.[9] As an ambiguity was present, the insurance contract was "liberally construed in favor of the insured and the exclusion was strictly construed to make insurance effective."

In this case two polices were paid for and an innocent party was injured, but coverage is being denied. Such a result subverts compulsory liability insurance.

2. KRS 304.39–010(2).

3. *Bishop v. Allstate Ins. Co.*, 623 S.W.2d 865, 866 (Ky.1981) (holding that "[a]n exclusionary clause in an insurance contract which reduces below minimum or eliminates either of these coverages effectively renders a driver uninsured to the extent of the reduction or elimination. Because the stated purpose of the MVRA is to assure that a driver be insured to a minimum level, such an exclusion provision contravenes the purpose and policy of the compulsory insurance act.").

4. KRS 304.39–010. *See also McGrew v. Stone*, 998 S.W.2d 5, 6 (Ky.1999).

5. *McGrew*, 998 S.W.2d at 6 *citing Beacon Ins. Co. of America v. State Farm Mut. Ins. Co.*, 795 S.W.2d 62, 63 (Ky.1990).

6. 15 S.W.3d 381, 384 (Ky.2000).

7. *James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273 (Ky.1991).

8. 700 S.W.2d 801 (Ky.App.1985).

9. *Id.* at 802.

The trial judge, Judge Maricle, was correct when he stated that the exclusionary language did not apply to the York policy because "the public policy of Kentucky requires liberal construction in favor of coverage for injury to a third party" and "[t]he aforesaid exclusion did not specifically reference insureds." Moreover, the majority disregards the holding in *Ellis* in contravention to our long established policy of interpreting insurance contracts so that injured victims have a remedy.

I respectfully dissent and would reverse the Court of Appeals. I disagree with the majority's conclusion that Kentucky Farm Bureau's contract was not ambiguous, and that it should be construed to deny minimum statutory insurance coverage to an innocent victim.

SCOTT and WINTERSHEIMER, JJ., join this dissenting opinion.