NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0391n.06

No. 10-5232

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| NFC MINING, INC.; CLARK D. PERGREM; JESSE L. RUDD, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

Before: BATCHELDER, Chief Judge; ROGERS and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. After residents of Floyd County, Kentucky sued NFC Mining, claiming the company damaged their homes, Certain Underwriters at Lloyd's of London followed suit, literally. Underwriters filed a second lawsuit trying to establish that NFC's insurance policy did not cover the company's potential liability to the residents. The district court awarded partial summary judgment to Underwriters. Because NFC pursues only one point presented and properly rejected below and because it failed to raise its other appellate arguments below, we affirm.

I.

NFC prepares and transports coal in Floyd County. A group of residents sued NFC and several of its officers and shareholders in state court, seeking injunctive relief and damages from the coal dust and noise emanating from the company's coal operations.

Underwriters responded by filing a lawsuit in federal court seeking a declaration that NFC's insurance policy with Underwriters did not cover this potential liability. After some discovery, Underwriters and NFC each requested summary judgment. The district court granted some relief to each party, holding that a pollution exclusion barred coverage for coal dust but not for noise. Under the court's interpretation, then, the insurance policy gave NFC coverage for noise-related liability but not coal-dust related liability. Only NFC appealed.

II.

NFC first presses the one argument raised and rejected below—that it reasonably expected the contract to insure against damage from coal dust and that the district court's interpretation of the insurance contract should have respected those expectations. The argument, which is premised on the language of a certificate of insurance Underwriters filed with a state agency, falters at both steps. NFC could not reasonably think that a certificate of liability insurance, as opposed to the insurance contract itself, would confer coverage for coal dust damages. NFC did not sign or approve the certificate; Underwriters filed the certificate with the State. Even then, moreover, the certificate says nothing about this issue. It does not mention the terms of coverage or the coverage limit, except to say that the policy's coverage is consistent with state law.

Even had all of this not been true, even in other words if NFC had reasonably anticipated that the policy would cover damages caused by coal dust, the language of the exclusion defeats the company's claim (and expectation). We break no new ground in holding that the language of an

insurance policy, not an insured's expectations, controls disputes over the meaning of a policy. In this instance the language of the exclusion is straightforward and inconsistent with NFC's position. *See Woodson v. Manhattan Life Ins. Co. of N.Y.*, 743 S.W.2d 835, 839 (Ky. 1987); *Consol. Am. Ins. Co. v. Anderson*, 964 S.W.2d 811, 814–15 (Ky. Ct. App. 1997). The pollution clause excludes injuries or damages caused by "any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste," R.42-16 at 8, which includes coal dust, a solid irritant (to the eyes, nose or lungs). *Cf. U.S. Fidelity & Guar. Co. v. Star Fire Coals, Inc.*, 856 F.2d 31 (6th Cir. 1988). The clarity of the exclusion forecloses NFC's resort to expectations about what the contract did or did not cover.

NFC switches gears, arguing that the *general coverage* provision applies and that the pollution exclusion never became part of the insurance contract in the first place. But NFC failed to raise the argument below, thereby forfeiting it. *See Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 749 (6th Cir. 2005). Making matters worse, NFC submitted to the district court the declarations page of the version of the contract that *included* the pollution exclusion. The company's arguments below assumed (if not conceded) that the insurance contract included the exclusion. A claimant cannot present one version of a contract to a district court, then invoke another for the first time on appeal. NFC compounded this forfeiture by insufficiently developing the argument on appeal, opting merely to observe that the exclusion was not signed and that contract modifications must be supported by consideration, two seemingly unrelated propositions. *See Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir. 2003).

Underwriters, we must acknowledge, may not have noticed NFC's failure to make this argument below. (Their brief ambiguously "adopts the argument above" in response to this particular claim, and just one of the arguments "above" turns on forfeiture.) The point makes no difference because NFC's new argument has no merit to it anyway. Contrary to NFC's position, Kim Hardy, the insurance broker, did not testify that a pollution exclusion did not exist; she said she did not know whether one existed and would need to see the policy to say one way or another. While NFC correctly observes that contract modifications must be supported by consideration, the company gives no reason to think that the exclusion was a unilateral modification as opposed to a negotiated one.

NFC's next two arguments—that the pollution exclusion is void as against public policy and that Underwriters' endorsement and submission of a certificate of liability insurance modified the contract—do not get off the ground. NFC forfeited both arguments by failing to raise them below, and this time Underwriters clearly noticed and clearly claimed forfeiture.

III.

For these reasons, we affirm.