RENDERED: AUGUST 6, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0576-MR

PABLO ESPINOSA AND
ESPINOSA CONSTRUCTION, LLC                                    APPELLANT


                        APPEAL FROM JEFFERSON CIRCUIT COURT
v.                      HONORABLE BARRY WILLETT, JUDGE
                        ACTION NO. 19-CI-401066


NAVANEET DUTT, JOYEE
DUTT, AND UNCIA, LLC                                          APPELLEES


OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND MAZE, JUDGES.

CLAYTON, CHIEF JUDGE: Pablo Espinosa and Espinosa Construction, LLC,

appeal from two orders and a summary judgment and order of sale entered by the

Jefferson Circuit Court. The trial court held the appellants had breached the terms

of two promissory notes and a mortgage they executed with the appellees,

Navaneet Dutt and Joyee Dutt.[1]  The appellants argue that summary judgment was inappropriate because genuine issues of material fact exist as to whether the breaches were caused by the appellees.  The appellants also challenge the award and amount of pre-judgment interest.  Having reviewed the record, pertinent case and statutory law, and the arguments of counsel, we affirm in part, vacate in part and remand.

## Background

On April 30, 2019, Espinosa Construction, LLC executed and delivered a promissory note to Joyee Dutt in the principal amount of $187,983.14 ("the $188k Note").  Espinosa Construction used the funds advanced by Dutt to purchase a house and real property located on Alabama Avenue in Louisville.  The $188k Note was secured by a first priority mortgage and assignment of leases and rents ("the Mortgage") on the Alabama Property.  The Mortgage required Espinosa Construction to acquire and maintain an insurance policy on the Alabama Property and not cause damage or waste to the property.  It also provided for the immediate appointment of a receiver upon default by Espinosa.  The terms of the $188k Note required Espinosa Construction to pay Dutt the full amount of the Note, with 0 percent interest, on September 30, 2019.

---

[1] The third named appellee is Uncia, LLC, which entered into a contract with Espinosa Construction to renovate a property on Winkler Avenue.  The Winkler contract is not at issue in this appeal.

Also, on April 30, 2019, Pablo Espinosa executed a promissory note requiring him to pay $25,000 to Navaneet Dutt on September 30, 2019 ("the 25k Note"). The $25k Note did not specify an interest rate, but it did contain a provision for a late charge of $1,000 if the holder did not receive the full amount of the principal sum after the due date.

## Procedural history

On July 23, 2019, the Dutts filed a complaint alleging that Pablo Espinosa had breached the $188k Note and the $25k Note. The complaint alleged that Espinosa breached the terms of the Alabama Mortgage by failing to obtain the required insurance, failing to provide proof of insurance to Joyee Dutt upon her request, failing to reimburse her for insurance she had to purchase, and causing damage to the Alabama Property that negatively affected its value. The complaint sought foreclosure on the Mortgage, judicial sale of the Alabama Property, and the appointment of a receiver to protect the collateral property.

On the next day, the Dutts filed a motion for appointment of a receiver for the Alabama Property. The movants alleged that they were unable to determine the exact status or condition of the Alabama Property because the defendants refused to respond to requests for information or grant them access to the property. They claimed that Espinosa LLC had performed significant demolition of the property but had ceased taking any steps to renovate the property or adequately

secure it because the LLC was insolvent. They expressed concern that without the immediate appointment of a receiver, the Alabama Property would deteriorate and lose value. They asserted that the appointment of a receiver was warranted under the terms of the Mortgage, which provided for the immediate appointment of a receiver upon default, and that Espinosa LLC and Pablo Espinosa had defaulted by failing to pay for required insurance, by causing damage to the Alabama Property, and by failing adequately to secure and protect the Alabama Property.

Following a hearing on July 29, 2019, the trial court granted the motion and appointed a receiver. On August 7, 2019, the appellants filed a motion to set aside the receiver order, arguing that the appellees had failed to give notice, violated due process, and committed anticipatory and/or premature breach of the agreements. At this point, the appellants had not filed an answer to the complaint. On August 30, 2019, the appellees filed a motion seeking default judgment. The appellants moved to file a late answer. The trial court granted the motion and the appellants filed their answer on September 9, 2019. On September 27, 2019, the appellees filed a supplement to their motion to seek summary judgment. The appellants did not pay the amounts due on either of the Notes on their maturity date of September 30, 2019. The trial court held a hearing on the motion to set aside the appointment of the receiver on December 11, 2019. The trial court granted Espinosa limited discovery, additional time to file a response to the motion for

summary judgment and scheduled a hearing on that motion. Espinosa did not serve any discovery requests and filed a response to the motion for summary judgment ten days after the deadline set by the court. On January 2, 2020, the trial court entered an order denying the motion to set aside the appointment of the receiver. The appellants did not file an appeal from this order.

Following a hearing on March 13, 2020, the trial court granted the appellees' motion for summary judgment. As to the $25k Note, it awarded Navaneet Dutt judgment against Pablo Espinosa in the amount of $26,000 (which reflects the sum due on the Note plus the late payment fee of $1,000), plus pre-judgment interest at an annual rate of 8 percent from July 23, 2019, and post-judgment interest at an annual rate of 6 percent. As to the $188k Note, it awarded Joyee Dutt the amount of $217,886.61 (consisting of $187,983.14 in principal, $1,706 for an insurance premium reimbursement, and a late charge/interest of $28,197.47), plus pre-judgment interest at an annual rate of 8 percent from July 23, 2019 through entry of judgment and post-judgment interest at an annual rate of 6 percent from the date of entry of judgment. Joyee Dutt was adjudged the holder of the first-priority lien on the Alabama Property and the Property was ordered to be sold in order to enforce the lien.

Pablo Espinosa and Espinosa Construction thereafter filed appeals from the following orders: (1) the order appointing the receiver entered on July 29,

2019; (2) the order of August 14, 2019, scheduling a hearing on Espinosa's motion to set aside the order appointing the receiver; and (3) the judgment and order of sale of March 25, 2020.

## Standard of review

In reviewing a grant of summary judgment, our inquiry focuses on "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996); Kentucky Rules of Civil Procedure (CR) 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Further, "a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id.* at 482. "An appellate court need not defer to the trial court's decision on summary judgment and will review the issue *de novo* because only legal questions and no factual findings are involved." *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004).

## Analysis

The appellants argue that summary judgment was inappropriate because genuine issues of material fact exist regarding whether the breaches of the terms of the Notes and Mortgage were actually the result of actions taken by the Dutts. Espinosa claims he did not obtain the requisite insurance for the Alabama Property because he was told by the Dutts to cancel the insurance so they could obtain their own policy and reimburse him later. As evidence for this claim, Espinosa produced an affidavit from his wife, Marlen Solla. As to the claim that Espinosa performed excessive demolition of the Alabama Property, the appellants point to a letter dated May 27, 2019, in which Joyee Dutt thanked Espinosa for allowing an inspection of the Alabama Property and directed him to "cease all removal, demolition or alteration of any buildings in the property until you receive my consent in writing."

Espinosa argues that he was restrained by this directive from addressing the damages and destruction of the Alabama Property caused by a raccoon infestation and extensive mold growth, and also points to the receiver's report stating that work on the property had to continue in order to combat these problems. Espinosa argues that the resale of the Alabama Property, and thus the repayment of the Notes from the proceeds, was thwarted by the Dutts' actions.

But Espinosa's alleged reliance on the Dutts' assurances that they would obtain insurance or Joyee Dutt's directive to stop demolition and alteration to the Alabama Property are not relevant to the default on the promissory Notes. There is no provision in the Notes or Mortgage that repayment of the full amounts by September 30, 2019 is contingent upon Espinosa being able to complete the work on the Alabama Property and sell the property. At the hearing to set aside the receiver, Espinosa's own attorney expressly argued that it was not the Dutts' concern when or how the money to repay the $188k Note was being generated, even if Espinosa did not do "a single lick of work" and chose to get financing elsewhere. Whether or not Espinosa purchased insurance or committed waste is immaterial to repaying the Notes. Espinosa does not dispute that the plain language of these agreements required repayment on September 30, 2019. "[T]he court cannot imply an obligation which would be inconsistent with the plain language of the contract." *Conley v. Wheeler-Watkins Oil & Gas Co.*, 216 Ky. 494, 288 S.W. 350, 352 (1926).

The appellants nonetheless contend that the appellees caused the delay in the renovation of the property by prematurely filing suit and seeking the appointment of a receiver, and thereby breached the agreements by placing obstacles in the way of Espinosa's repayment of the Notes. They rely on the principle that "[a] contracting party impliedly obligates himself to cooperate in the

-8-

performance of his contract and the law will not permit him to take advantage of an obstacle to performance which he has created or which lies within his power to remove." *PBI Bank, Inc. v. Signature Point Condominiums LLC*, 535 S.W.3d 700, 718 (Ky. App. 2016) (quoting *Ligon v. Parr*, 471 S.W.2d 1, 3 (Ky. 1971)).

But the appellees offer no evidence that the filing of the lawsuit or the appointment of the receiver hampered Espinosa's efforts. He was not denied access to the property or prevented from working on the property. There is no evidence in the record that Espinosa made any effort to contact Dutt after receipt of her letter of May 27, 2019, even though the letter asked him to submit a plan and drawings outlining any future removal, demolition, or alteration along with the applicable construction permits. Espinosa did not timely respond to the complaint nor to the motion for the appointment of a receiver, both of which were filed two months after Dutt's letter.

Espinosa could have appealed from the order appointing the receiver, as permitted under Kentucky Revised Statutes (KRS) 425.600, but failed to do so. There is evidence that Espinosa met with the receiver in August 2019, but there is no evidence he contacted the receiver after that first meeting in order to clarify when and how he should continue with the renovation of the Alabama Property to prepare it for resale. There is no evidence that Espinosa was led to believe his inaction would excuse him from his repayment obligation under the plain terms of

the Notes.  Espinosa's failure to pay the Notes was not "due directly or indirectly from the act of the promisee," and consequently was not "a sufficient excuse for [his] non-performance[.]"  *In re Pure Rock Asphalt Co.*, 28 F. Supp. 685, 688 (W.D. Ky. 1939) (quoting *Juett v. Cincinnati*, *N.O. & T.P.Ry. Co.*, 245 Ky. 379, 53 S.W.2d 551 (1932)).

The appellants' next argument concerns the trial court's imposition of pre-judgment interest.  Because the summary judgment was correctly granted, the trial court did not err in imposing pre-judgment interest.  The appellants also dispute the trial court's calculation of the rate of interest.

The appellants did not present any specific arguments regarding the rate of pre-judgment interest in their written pleadings.  At the hearing on the motion for summary judgment, the appellants did point out that no mention was made of any interest in the $188k Note, describing it as a "balloon note."  The appellants further stated that the payoff amount requested by the appellees included pre-judgment and post-judgment interest, which they described as "unsubstantiated."  Although the argument is not specifically preserved, we will address it because it is easily resolved by reference to the pertinent statutes.

KRS 360.010 sets the legal rate of interest at 8 percent per annum. KRS 360.010(1).  The statute further sets forth the availability of pre-judgment interest when, as in this case, a written contract or obligation is at issue:  "The

party entitled to be paid in any written contract or obligation **specifying a rate of interest** shall be entitled to recover interest after default at the rate of interest as is expressed in the contract or obligation prior to the default and that interest rate shall be the interest rate for the purpose of KRS 360.040(3)." KRS 360.010(3) (emphasis supplied). On other hand, "[t]he party entitled to be paid in any written contract or obligation **not specifying a rate of interest or to which no interest rate otherwise applies** shall be entitled to recover interest after default and until judgment at the legal rate of interest." KRS 360.010(4) (emphasis supplied).

The $188k Note expressly specifies an interest rate of 0 percent. Therefore, the trial court erred in awarding pre-judgment interest at the legal rate of 8 percent because, under KRS 360.010(3), the rate of pre-judgment interest relating to this Note is 0 percent. The appellees contend that the 8 percent rate is applicable because the $188k Note makes general references elsewhere to interest, as does the Mortgage. But these references contain no specification as to the rate. It is well-settled that a specific clause shall prevail over a general clause in a contract. *State Auto. Mut. Ins. Co. v. Ellis*, 700 S.W.2d 801 (Ky. App. 1985). Therefore, the clause specifying an interest rate of 0 percent is the prevailing clause.

By contrast, the $25k Note does not specify an interest rate and consequently the trial court correctly applied the legal rate of interest of 8 percent as specified under KRS 360.010(4).

**<u>Conclusion</u>**

For the foregoing reasons, the judgment and order of sale of the Jefferson Circuit Court is affirmed in all respects except insofar as the award of pre-judgment interest of 8 percent on the $188k Note is vacated and the matter is remanded for entry of an order reflecting a rate of 0 percent pre-judgment interest pertaining to the $188k Note.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Brian K. Darling
Mark Hyatt Gaston
Louisville, Kentucky

BRIEF FOR APPELLEES:

Matthew R. Lindblom
Spencer K. Gray
Louisville, Kentucky